IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | * |
| MICHAEL J. GRESS and | *  CHAPTER 7 |
| BRANDY L. GRESS, | * |
|     Debtors | * |
| | *  CASE NO. 1:13-bk-06202 MDF |
| JOHN P. NEBLETT, Esq., Trustee | * |
|     Objectant | * |
| | *  OBJECTION TO EXEMPTIONS |
| v. | * |
| | * |
| MICHAEL J. GRESS and | * |
| BRANDY L. GRESS | * |
|     Respondents | * |

## OPINION

Before me are Objections filed by John P. Neblett, the Chapter 7 Trustee in the within case (the "Trustee"), to three sets of amended schedules claiming certain property as exempt filed by Michael J. Gress and Brandy L. Gress ("Debtors"). For the reasons that follow, an order will be entered compelling Debtors to comply with an order entered by this Court on March 19, 2014, directing Debtors to turnover certain property to the Trustee.

### I. Procedural and Factual History

Debtors filed a voluntary Chapter 7 petition on December 4, 2013. Later the same month, Debtors filed their schedules and statements. At the creditors' meeting held on January 24, 2014, the Trustee informed Debtors that certain household goods disclosed on Schedule B, while eligible for exemption, had not been claimed as exempt on Schedule C. The Trustee adjourned the meeting to February 28, 2014 to allow Debtors an opportunity to claim their household goods as exempt and to resolve other issues. In response, Debtors filed a first amendment to Schedules B and C followed shortly by a second amendment to the same schedules. In the first amendment

(Docket # 16), Debtors list some of the same household goods included in item 4 on the original Schedule B. There is no indication whether Debtors are purporting to add or delete these items.[1] Debtors also list an anticipated tax refund in an estimated amount of $7500 that was not included on the original schedules. In amended Schedule C, Debtors change the statutory grounds for the exemption for certain household good from § 522(d)(5) to § 522(d)(3). They also claim as exempt the previously listed anticipated tax refund under § 522(d)(5). In the second amendment to Schedules B and C, Debtors report and claim as exempt the actual amount of the tax refund – $8478. After two amendments to Schedule C, certain household goods listed on the original Schedule B, Line 4 valued at $4000 remain non-exempt.

On February 20, 2014, the Trustee filed objections to Debtors' exemptions claims as set forth in the original and first amendment to Schedule C and demanded turnover of specific items of personal property ("Trustee's First Objection"). Specifically, the Trustee demanded turnover of: (1) household goods listed on Schedule B, Line 4 not claimed as exempt on Schedule C; (2) 50 "Longaberger baskets;" (3) flea market inventory valued at $2000; and (4) an iPad and iPhone used in Debtors' business, but not disclosed in the schedules. He objected to the exemption claimed in the baskets valued at $1000 asserting that they were not household goods and were undervalued. He also objected to Debtors' exemption claim in the flea market inventory as not constituting tools of the trade under § 522(d)(6) and as being undervalued. After Debtors failed

---

[1] Local Bankruptcy Rule 1009-1(c) specifies that an amendment to a schedule or a statement should include "only the additions or deletions to the schedule or statement." The rule further directs that "[t]he change must be prefaced by the statement: "ADD" or "DELETE." During the administration of the case thus far, Debtors have filed four amendments to Schedule B and six amendments to Schedule C. In each filing, Debtors have not stated whether items are being added or deleted from the schedule and often have included items previously claimed as exempt and not disputed by the Trustee.

2

to respond to the Trustee's First Objection, an order was entered on March 19, 2014 ("Turnover Order") sustaining the Trustee's objections and disallowing the claimed exemptions. The order further directed Debtors to turn over the contested items to the Trustee at the Trustee's direction.

On March 20, 2014, Debtors filed a third amendment to Schedule C, an "Objection" to the Trustee's objections to Debtors' exemptions, and a motion to reconsider the Turnover Order ("First Reconsideration Motion"). In the First Reconsideration Motion, Debtors stated that because their counsel was relocating his office, "a technical error was made and a timely response to the Trustee's Objection to Exemptions and Demand for Turnover was not filed." Motion for Reconsideration, Docket # 25, ¶ 4. Debtors further alleged that the failure to respond was "of no fault of the Debtors." *Id.*, ¶ 5. The Trustee filed an answer to the First Reconsideration Motion and a hearing was scheduled for April 29, 2014. Although the Trustee appeared at the hearing, neither Debtors nor their counsel were present.[2] On the same date, the Court denied the First Motion for Reconsideration on the basis that Debtors had failed to allege a meritorious defense to the Trustee's First Objection.

Debtors filed a fourth amended Schedule B and C (Docket # 33) and a fifth amended Schedule B and C (Docket # 34) (collectively "April 29 Exemptions") on April 29, 2014. In the fourth amended Schedule B, Debtors list the iPhone and iPad that were included in the Turnover Order. This schedule also listed a fax/copier/printer. The identical information is included in the fifth amended Schedule B. In the fourth amended Schedule C, Debtors claim as exempt under § 522(d)(3) the household goods listed in the original schedules that were not exempted in prior

---

[2]Debtors' counsel, who stated that he was ill, contacted the Court's chambers at 9:25 a.m. on the day of the hearing to obtain permission to appear telephonically at the 9:30 a.m. hearing. He was informed that it was impossible to make such arrangements on such short notice.

amendments to the schedules and which were subject to the Turnover Order. Also claimed as exempt was the actual amount of the tax refund, which previously had been claimed as exempt, and the iPad, iPhone, and fax/printer/copier. The electronic equipment was claimed as exempt under § 522(d)(5) and (6). In the fifth amended Schedule C, Debtors claim certain items as exempt under § 522(d)(5) rather than (d)(3), including the Longaberger baskets that were subject to the Turnover Order. Debtors also changed their exemption claim in inventory from § 522(d)(6) to (d)(5). The flea market inventory was also subject to the Turnover Order.

Under Fed. R. Bankr. P. 8002, the deadline for filing an appeal of the Turnover Order was fourteen days after the entry of the order denying the motion to reconsider the Turnover Order, or May 13, 2014. Fed. R. Bankr. P. 8002. Debtors did not appeal the Turnover Order, and on May 5, 2014, filed a motion requesting the Court to reconsider its order denying reconsideration of the Turnover Order ("Second Reconsideration Motion") (Docket # 39). In the Second Reconsideration Motion, Debtors' counsel represented that he was ill the morning of the hearing on the First Reconsideration Motion and was unable to obtain permission to appear telephonically. He also stated that the Trustee did not oppose relisting the matter for a hearing on the merits. The Court denied the Second Reconsideration Motion on May 6, 2014 finding that no grounds for reconsideration were alleged.[3]

On May 19, 2014, the Trustee filed objections to Debtors' third amended Schedule C (Docket # 43) and an objection to the exemptions filed April 29, 2014 (Docket # 42). The latter objection addressed the April 29 Exemptions. (Docket #s 33 and 34). Both objections addressed

---

[3] Even if the time to appeal ran from the date of the denial of the Second Reconsideration Motion, no appeal was filed within fourteen days of the date of the order – May 20, 2014.

Debtors' attempt to exempt items that previously were included in the Turnover Order –specifically, the iPad, iPhone, the Longaberger baskets, and the inventory.[4]

Debtors filed an answer (Docket # 59) to the Trustee's objection asserting that Debtors did not intend to conceal assets and had no reason to do so because the available exemptions were sufficient to cover all of their assets. Therefore, they argued, their failure to correctly describe their assets and claim exemptions in a timely manner does not indicate bad faith. Debtors further argued that the Turnover Order did not bar them from seeking to assert a new statutory basis for exempting the property and that no decision on the merits of their exemption claims has been rendered. Debtors also filed an answer (Docket # 60) to the Trustee's objection to the third amended Schedule C (referred to in the answer as "Debtor Amended Exemptions dated March 20, 2014") alleging that Debtors intended to exempt the items omitted from their original schedules, that they were omitted due to "a technical problem," and that a response was not filed to the Trustee's First Objection because counsel had incorrectly calendared the response date as March 20, 2014.[5] Debtors further allege that the third amended Schedule C was not an attempt to relitigate matters previously decided by the Court because Debtors were advancing an exemption claim for the omitted property under a different provision of § 522(d).

---

[4]On May 19, 2014, the Trustee filed a motion requesting the Court to direct Debtors to turnover certain jewelry listed on Schedule B, but not claimed as exempt on Schedule C. Debtors filed an objection to the Trustee's motion and filed a further amendment to Schedule C claiming the jewelry as exempt. On June 24, 2014 the Court denied the motion for turnover of the jewelry for lack of prosecution.

[5]The deadline for objecting to the Trustee's First Objection was March 16, 2014. The Court takes judicial notice that Debtors' counsel was notified of this date through service of the notice at Docket #20.

On June 30, 2014, the Trustee requested the Court to schedule a hearing on the Trustee's objection to the third, fourth, and fifth amended Schedule C. Argument of the parties was heard on July 22, 2014, but no testimony was taken. The matter was taken under advisement.[6]

## II. Discussion

Most of the confusion in this case could have been avoided if greater care had been taken in the preparation of the original schedules, appropriate amendments had been clearly stated and timely filed, and the federal and local bankruptcy rules had been followed. Debtors have asserted that they proceeded in good faith although they: (1) failed to disclose all their assets; (2) failed to properly claim exemptions in certain assets until after a default judgment was entered against them; (3) failed to allege a meritorious defense in two motions for reconsideration; and (4) failed to appeal the order directing them to turnover assets to the Trustee. Balanced against Debtors' cavalier preparation of documents signed under oath and their disregard of procedural rules is the reality that most of the assets subject to turnover are of limited value and would produce a modest return to creditors if administered by the Trustee. Nevertheless, the Trustee owes a fiduciary duty to the creditors of the estate and is obligated to administer assets unless the return to creditors, after considering the costs of administration, would be negligible. *Compare* 11 U.S.C. § 704(a)(1) ("The trustee shall – (1) collect and reduce to money the property of the estate for which such trustee serves, . . .") and 11 U.S.C. § 554(a) ("[T]he trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.").

---

[6]This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A) and (B). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052 made applicable to contested matters by Rule 9014.

In resolving this matter, the Court is not free to simply balance the equities and ignore relevant statutes, rules of procedure, and controlling law. Whether Debtors' tardy amendments may be allowed must be considered within the prism of the Code, the Rules, and the Supreme Court's recent decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014).

  A.  *Disallowance of exemptions on equitable grounds*

Fed. R. Bankr. P. 1009(a) provides that any schedule may be amended "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). Courts generally lack the power to disallow a debtor's amended exemptions. *See Tignor v. Parkinson (In re Tignor),* 729 F.2d 977, 978 (4th Cir. 1984) ("[A] court ordinarily does not have discretion to deny leave to amend or to require a showing of good cause."). As I observed in *Bierbach v. Walck (In re Walck),* 459 B.R. 208 (Bankr. M.D. Pa. 2011), courts have denied amendments to exemptions when a debtor has engaged in bad faith or the amendment would result in prejudice to creditors. *Id.* at 212 (citing cases). Since I issued my decision in *Walck,* however, the legal landscape has changed.

On March 4, 2014, the Supreme Court of the United States issued its opinion in *Law v. Siegel* in which the Court held that a bankruptcy court may not exercise its equitable powers "to contravene express provisions of the Bankruptcy Code by ordering that the debtor's exempt property be used to pay debts and expenses for which that property is not liable under the Code." 134 S. Ct. at 1198. The trustee in *Law* pursued a surcharge against the debtor's homestead exemption claimed under state law arguing that several lower courts had disallowed a debtor's exemption when the property sought to be exempted had been concealed. *Id.* at 1196. The Supreme Court held that "§ 522 does not give courts discretion to grant or withhold exemptions

7

based on whatever considerations they deem appropriate . . . The Code's meticulous – not to say mind-numbingly detailed – enumeration of exemptions and exceptions to those exemptions confirms that courts are not authorized to create additional exceptions." *Id.* (citations omitted).[7]

Following *Law*, several courts have held that they no longer have the discretion to deny a debtor the opportunity to amend his exemptions based upon equitable considerations such as bad faith or prejudice to creditors. *See In re Franklin,* 506 B.R. 765, 771 (Bankr. C.D. Ill. 2014) (observing that the Supreme Court has determined that § 522 does not authorize a court to grant or withhold an exemption based upon considerations not in the statute); *In re Scotchel*, Case No. 12-09, 2014 WL 4327947, at *4 (Bankr. N.D. W. Va. Aug. 28, 2014) (holding that after *Law* courts no longer have the discretion to deny amended exemptions based upon equitable considerations)*; In re Pipkins,* Case No. 13–30087DM, 2014 WL 2756552, at *7 (Bankr. N.D. Cal. June 17, 2014) (observing that the Supreme Court has ruled that a "court cannot disallow an exemption or prevent the amendment of an exemption on equitable grounds if the exemption satisfies the statutory requisites."); *In re Gutierrez,* No. 12–60444, 2014 WL 2712503, at *6 (Bankr. E.D. Cal. June 12, 2014) (finding that the precedent which permitted a bankruptcy court to disallow an amended claim of exemption based on bad faith and prejudice is no longer valid). I join these other bankruptcy courts in finding that under *Law v. Siegel*, equitable considerations cannot be used to disallow exemption that otherwise would be allowable under § 522. Thus, to the extent that the Trustee's objections to Debtors' amended exemptions are based upon Debtors' bad faith, they are overruled.

---

[7]The Supreme Court held that other tools are available to a bankruptcy court to address debtor misconduct: denial of a debtor's discharge under § 727; sanctions under Rule 11, § 105(a), and the court's inherent authority; and criminal prosecution under 18 U.S.C. § 152. *Id*. at 1198.

*B. Claim preclusion*

Claim preclusion, or res judicata, "applies to claims that 'were or could have been raised' in a prior action involving the 'parties or their privies' when the prior action had been resolved by 'a final judgment on the merits.' " *Graham v. IRS (In re Graham),* 973 F.2d 1089, 1093 (3d Cir. 1992) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)). "Claim preclusion bars a party from relitigating a claim that could have been raised in the prior action even if the claim was not raised." *In re Graham,* 973 F.2d at 1093.

Claim preclusion is relevant in the context of resolving objections to a debtor's exemption claims. *See Ladd v. Ries (In re Ladd),* 450 F.3d 751, 753 (8th Cir. 2006) (considering but not applying res judicata principles because amendment filed to claim state homestead exemption rather than federal exemption); *Cogliano v. Anderson (In re Cogliano),* 355 B.R. 792, 805–06 (B.A.P. 9th Cir. 2006) (holding that claim preclusion would bar debtor from amending exemption after final judgment if disputed IRA was property of the estate); *In re Wilson*, 446 B.R. 555, 562 (Bankr. M.D. Fla. 2011) (holding that once an exemption claim dispute is resolved and a final non-appealable order has been entered, res judicata bars relitigation); *In re Daniels,* 270 B.R. 417, 422 (Bankr. E.D. Mich. 2001) (holding that bankruptcy courts should disallow an amended exemption claim when it attempts to relitigate a previously determined claim); *In re St. Hill*, No. 04-30919F, 2005 WL 6522764, at *9 (Bankr. E.D. Pa. Sept. 2, 2005) (observing that an order either sustaining or overruling an exemption claim is a final judgment under Fed. R. Bankr. P. 7054(a)).

Any appeal from an order denying an exemption claim must be taken within the time allowed under the bankruptcy rules or the right to appeal will be waived. *Kollar v. Miller,* 176

F.3d 175 (3d Cir. 1999) (appeal from order sustaining the trustee's objection to the debtor's exemption). When a trustee objects to an exemption claim, the debtor must analyze the objection and amend the claim before the bankruptcy court rules and not afterward. *In re Romano*, 378 B.R. 454, 465 (Bankr. E.D. Pa. 2007). If a timely appeal is not taken, all of the elements of claim preclusion have been established. Claim preclusion bars matters that could have been raised and defenses that could have been asserted as well as those actually raised. Therefore, a debtor cannot later amend his exemptions to relitigate the issue even if the exemption is being asserted under another provision of § 522(d). *See St. Hill*, 2005 WL 6522764, at *9.

The Turnover Order was entered on March 19, 2014. Debtors filed a motion for reconsideration on March 20, which was denied on April 29, 2014. Debtors then filed a second motion for reconsideration, which was denied on May 6, 2014. No appeal from either order denying reconsideration was taken. Accordingly, the Turnover Order became a final order. Having failed to appeal a final order, Debtors cannot continue to file amendments in a never-ending effort to exempt items that are subject to the Turnover Order.

### III. Conclusion

For the reasons set forth above, a further order will be entered in this case compelling Debtors to turnover the property subject to the Turnover Order. To the extent that the Trustee has

objected to Debtors' exemption claims based upon the lack of good faith or other equitable considerations, the objections will be overruled.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: September 19, 2014