IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MICHAEL J. GRESS and | * | CHAPTER 7 |
| BRANDY L. GRESS, | * | |
|     Debtors | * | |
| | * | CASE NO. 1:13-bk-06202 MDF |
| JOHN P. NEBLETT, Esq., Trustee, | * | |
|     Movant | * | |
| | * | MOTION TO DISQUALIFY COUNSEL |
|     v. | * | |
| | * | |
| MICHAEL CSONKA, Esq. | * | |
|     Respondents | * | |

## OPINION

Before me is the Motion filed by John P. Neblett, the Chapter 7 Trustee in the within case (the "Trustee"), to disqualify Debtor's Counsel, Michael Csonka, Esquire ("Counsel"), from further representation of Michael J. Gress and Brandy L. Gress ("Debtors") in their Chapter 7 bankruptcy case (hereinafter "Disqualification Motion"). For the reasons that follow, the Disqualification Motion will be denied. A further order will be entered directing Counsel to show cause why he should not be required to disgorge all compensation previously received in this case.

### I. Procedural and Factual History

Debtors filed a voluntary Chapter 7 petition on December 4, 2013. Later the same month Debtors filed their schedules and statements. At the creditors' meeting held on January 24, 2014, the Trustee informed Debtors that certain household goods disclosed on Schedule B, while eligible for exemption, had not been claimed as exempt on Schedule C. The Trustee adjourned the meeting to February 28, 2014 to allow Debtors an opportunity to claim their household goods

as exempt and to resolve other issues. Between January 24 and February 28, 2014 Counsel filed two sets of amendments to Schedules B and C on Debtors' behalf. Certain amendments did not conform to the Local Bankruptcy Rules while the others claimed exemptions to which Debtors were not entitled (for various reasons irrelevant here). Noting these deficiencies, the Trustee objected to the exemptions claimed in the original and first amendment to Schedule C. The Trustee also demanded turnover of specific items of personal property ("the Turnover Motion"). After Counsel failed to respond to the Turnover Motion, an order was entered on March 19, 2014 disallowing the claimed exemptions and directing Debtors to turn over the contested items to the Trustee (the "Turnover Order").

Between March 19 and April 29, 2014, Counsel filed further amendments to Debtors' Schedules B and C, as well as an "Objection" to the Trustee's objections to Debtors' exemptions. Counsel also requested the Court to reconsider the Turnover Order. These amendments and pleadings were ultimately rejected by the Court for various reasons discussed in the Opinion and Order dated September 19, 2014. On September 30, 2014, Counsel filed a notice of appeal to the District Court for the Middle District of Pennsylvania. He also requested this Court to stay the Turnover Order pending appeal, which was granted by the Court on October 16, 2014.

On October 6, 2014, the Trustee filed the Disqualification Motion that is now before me. As grounds for disqualification, the Trustee asserts that Counsel: (1) failed to claim as exempt Debtors' interest in certain property that they indisputably were entitled to claim, (2) failed to amend Debtors' schedules correctly after he was advised of the omissions, and (3) failed to competently and diligently respond to the Turnover Motion. Counsel's actions (and inactions), the Trustee argues, constitute professional malpractice. The Trustee further states that he intends

2

Case 1:13-bk-06202-MDF    Doc 106    Filed 04/14/15    Entered 04/14/15 15:12:40    Desc
Main Document      Page 2 of 9

to file suit against Counsel on behalf of Debtor's estate to recover damages for distribution to creditors.

The Trustee argues that because Counsel's negligence caused Debtors to surrender property they otherwise were entitled to exempt, he had an affirmative duty under Rule 1.16 of the Pennsylvania Rules of Professional Conduct ("Pa. R.P.C.")[1] to withdraw from representing Debtors. Counsel was required to withdraw because his interest would be in conflict with his clients' interests if he took the position that it was Debtors' actions, and not his own, that had precipitated the loss. According to the Trustee, this conflict of interest places Counsel in violation of Pa. R.P.C. 1.7, which, among other things, bars a lawyer from representing a client if the representation creates a conflict of interest. A conflict is found to exist if "there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." Pa. R.P.C. 1.7(a)(2).

On October 22, 2014, Counsel answered the Disqualification Motion denying that he had committed negligence or malpractice. He further stated that Debtors had suffered no loss because the Turnover Order was on appeal. On October 29, 2014 a hearing was held on the motion to disqualify, and the matter was taken under advisement to be decided after Turnover Order appeal was resolved. After Debtors failed to prosecute the appeal, it was dismissed on March 13, 2015. Therefore, it is now appropriate to decide the Disqualification Motion.

---

[1] In his Motion, the Trustee refers to the "Pennsylvania Rules of Professional Responsibility." The Pennsylvania Code of Professional Responsibility was superceded by the Pennsylvania Rules of Professional Conduct in 1987. Although the reference to the ethical standards is not precisely correct, the specific rules cited by the Trustee remain in force and regulate the practice of law in this Commonwealth.

## Discussion

In the Disqualification Motion, the Trustee alleges that Counsel committed malpractice, thus placing his interests in conflict with Debtors' interests. The conflict of interest arises, according to the Trustee, because it is unclear whether Debtors' inability exempt certain personal property, which the Court ordered Debtors to turn over to the Trustee, is attributable in part to Debtors' failure to provide Counsel with complete and accurate information about their financial affairs, or is solely attributable to Counsel's failure to competently represent Debtors' interests. Although he has yet to file a complaint, the Trustee states that he intends to pursue a legal malpractice claim against Counsel on behalf of the estate. Accordingly, under the Trustee's theory, when the complaint is filed Counsel's interest in defending his actions in the bankruptcy case will be in conflict with Debtors' interest in establishing that Counsel is responsible for the loss of Debtors' property.

I first must separate the threads of the Trustee's argument. Although related, whether Counsel is liable to Debtors for malpractice is a separate issue from whether Counsel has a conflict of interest that would compel the Court to disqualify him from further representation of Debtors in this case. Any potential malpractice action that may be commenced by the Trustee is not currently before me.[2] Therefore, at this juncture, the only issues I must decide are whether

---

[2] Under 11 U.S.C. § 541(a), federal law is applied to determine whether a particular type of property is included in the estate. But state law determines if a debtor has an interest in the property at issue. *O'Dowd v. Trueger*, 233 F.3d 197, 202 (3d Cir. 2000) (citing *Butner v. United States,* 440 U.S. 48, 55 (1979)). To meet his burden of proof under Pennsylvania law on a malpractice claim, a plaintiff must establish the employment of an attorney, "the failure of the attorney to exercise ordinary skill and knowledge[,]" and damages as a consequence of the attorney's negligence. *Myers v. Robert Lewis Seigle, P.C.*, 751 A.2d 1182, 1184 (Pa. Super. 2000) (quoting *Kituskie v. Corbman*, 552 Pa. 275, 281, 714 A.2d 1027, 1029 (1998)). As the Trustee admits, at the time the Disqualification Motion was filed, it was unclear the extent to

4

the Trustee has standing to move to disqualify Counsel and, if so, whether he has established cause for disqualification.

Standing is a 'threshold question in every federal case, determining the power of the court to entertain suit.'" *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 731 (D. N.J. 2013) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)). "[T]he irreducible constitutional minimum" of standing comprises three elements: (1) an "injury in fact," (2) traceable to some action by the opposing party, (3) which is subject to redress by the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth,* 422 U.S. at 499.

In this case, as the representative of the Chapter 7 estate, the Trustee is requesting the Court to prohibit Counsel from providing further representation to Debtors in their case. The Trustee asserts that Debtor has a conflict of interest and, therefore, is in violation of Pa. R.P.C. 1.7. However, the Chapter 7 estate has not suffered an "injury in fact" that is "real and

---

which Counsel was responsible for the loss of Debtors' exemption claims. Therefore, although Counsel admittedly did not perform with an appropriate level of skill, knowledge, and diligence, whether a judgment will be entered against him is speculative. Further, it is not clear that the Trustee has standing to pursue a malpractice claim against Counsel on behalf of the estate. Property of the estate is determined on the date the bankruptcy case is commenced. 11 U.S.C. § 541(a)(1). In this case, episodes in which Counsel is alleged to have failed to exercise appropriate legal skill occurred both before and after the petition was filed. Counsel's failure to file well-grounded pleadings and to appear at hearings did not occur until after the creditors' meeting was convened. If Debtors' schedules had been correctly amended after the creditors' meeting, the Trustee most likely would not have filed the Turnover Motion as his concerns would have been resolved. Most significantly, the party injured is not the estate. It is the Debtors who are being forced to turn over property they otherwise could exempt. Therefore, it appears that any potential malpractice claim against Counsel belongs to Debtors, not the estate. *See O'Dowd*, 233 F.3d at 204 (observing that when a debtor is personally injured by alleged malpractice and the estate is not injured, the malpractice claim belongs to the debtor).

5

immediate," the constitutional prerequisite for standing. Therefore, I must determine whether the Trustee is otherwise authorized to pursue Counsel's disqualification.

In many federal courts, only a current or former client has standing to seek disqualification of an attorney appearing before the court. *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp.2d 885, 891 (S.D. Ind. 2014) (citing cases). This standing requirement is premised on the understanding that Rule 1.7 is intended to protect the interests of persons harmed by the conflict, thus, they are the proper parties to seek disqualification. *Id.* at 892. The Court of Appeals for the Third Circuit, however, while not having ruled precisely on this issue, has suggested that this strict standing rule would not be enforced in this circuit. *See In re Pressman-Gutman Co.,* 459 F.3d 383, 411 n.20. (3d Cir. 2006) (observing that "[w]e seem not to have resolved the standing issue definitively" and comparing the view expressed by the Third Circuit in *In re Congoleum Corp.*, 426 F.3d 575, 686-87 (3d Cir. 2005) (recognizing standing of non-client to pursue disqualification of counsel) with *In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 161 (3d Cir. 1984) (assuming but not deciding that only client or former client may seek to disqualify counsel)).

In its most recent review of the topic, the Third Circuit observed that "several courts of appeals have jettisoned rigid standing rules to allow opposing counsel to move for disqualification even though the movant does not represent the aggrieved client." *Pressman-Gutman*, 459 F.3d at 411 n.20. The Court of Appeals noted that it is particularly appropriate for an opposing party to seek to disqualify counsel when the conflict is so serious as to undermine "the fair or efficient administration of justice." *Id.* (citing Pa. R.P.C. 1.7 cmt. (2002)); *accord In re Pittsburgh Corning Corp.*, 308 B.R. 716, 721-22 (Bankr. W.D. Pa. 2004).

6

Attorneys in Pennsylvania have a duty to report a conflict of interest " that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer" to the "appropriate professional authority." Pa. R.P.C. 8.3. (2012). "The term 'substantial' refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware." *Id.* at cmt. (3). Comment (5) to the rule advises that "a report should be made to the bar disciplinary agency unless some other agency, such as a peer review agency, is more appropriate in the circumstances." *Id.* at cmt. (5). Accordingly, premising standing to seek Counsel's disqualification before this Court on an lawyer's duty to report violations of the ethical rules to the disciplinary agency may be stretching the bounds of standing further than the rationale extends.

Though I am not persuaded that this expansive view of standing for disqualification of an opponent's counsel is justified, based upon recent Third Circuit dicta that parties other than a former or current client may demand disqualification of opposing counsel, I will assume that the Trustee has standing to assert the disqualification issue.

Unlike a professional employed under 11 U.S.C. § 327, who is an estate fiduciary and, with limited exceptions, must be disinterested, an attorney representing a Chapter 7 debtor is not required to be disinterested. *Levin v. DiLoreto (In re DiLoreto)*, 277 B.R. 607, 613 (Bankr. E.D. Pa. 2000) (citing cases). The statutory remedies provided under the Bankruptcy Code for the breach of an attorney's ethical duty to his client is limited to the disgorgement of unreasonable fees under 11 U.S.C.§ 329. But even without explicit statutory power to discipline attorneys not employed by the bankruptcy estate, a bankruptcy court nonetheless has inherent authority to control the conduct of those who appear before it. *Fellheimer, Eichen & Braverman, P.C. v.*

7

*Charter Tech., Inc.*, 57 F.3d 1215, 1224 (3d. Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Disqualification of a debtors' chosen counsel, however, is an "extreme sanction" that should be imposed in limited circumstances and is never automatic. *U.S. v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). Therefore, considering that no evidence has been taken in support of the Disqualification Motion, I must determine whether the undisputed facts of record in this case adequately support Counsel's disqualification.

The Trustee asserts that Counsel's alleged malpractice will unavoidably cloud Counsel's judgment and make it impossible for him to represent the interests of his clients. Comment (10) to Pa. R.P.C. 1.7 provides that "if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." In this matter, however, Counsel's competence, as mandated under Pa. R.P.C. 1.1, is the issue – not his integrity. Further, there has been no suggestion that Debtors are dissatisfied with Counsel's services, and Counsel has not blamed Debtors for the errors in the schedules, other than the omission of the iPad, iPhone and printer as discussed in the September 19, 2014 Opinion. While there is a potential conflict, I find that there is no actual conflict that requires disqualification.

For these reasons, the Disqualification Motion will be denied. Nevertheless, the Court cannot ignore Counsel's practices in this case. Therefore, I will issue an order directed to Counsel to show cause why he should not be required to disgorge compensation previously received from Debtors under 11 U.S.C. § 329. The order will further provide that Debtors are required to personally appear at the hearing on this matter so that the Court can determine whether Debtors understand the consequences of the Turnover Order and whether they

8

Case 1:13-bk-06202-MDF    Doc 106    Filed 04/14/15    Entered 04/14/15 15:12:40    Desc
Main Document      Page 8 of 9

understand they have a potential malpractice claim against Counsel, but wish him to continue to represent them in this case.

      An appropriate order follows.

                              **By the Court,**

_Mary D. France_
Chief Bankruptcy Judge

Date: April 14, 2015